THE SECOND JUDICIAL DISTRICT COURT IN AND FOR
THE PARISH OF CLAIBORNE, STATE OF LOUISIANA

ARDEN J. LEA

VERSUS

FAULCONER ENERGY JOINT
VENTURE-1990 L.L.P. , FAULCONER 2003
LIMITED PARTNERSHIP, L.L.P,
HOOD PETROLEUM, INC. and UNIVERSAL
ENERGY, L.L.C.

CIVIL DOCKET NO. 39255

FILED: APR 27 2011

_____ CLERK

## PETITION

**NOW INTO COURT,** through undersigned counsel, comes **ARDEN J. LEA,** Plaintiff herein, and files this Petition against Defendants, **FAULCONER ENERGY JOINT VENTURE-1990, L.L.P. , FAULCONER 2003 LIMITED PARTNERSHIP, L.L.P, HOOD PETROLEUM, INC. and UNIVERSAL ENERGY, L.L.C.** and avers and alleges as follows:

**1.**

The amount in controversy involved herein  is within the jurisdictional limits of this Court and venue is properly vested in the Parish of Claiborne, State of Louisiana.

### *The Involved Parties*

**2.**

At all times material hereto, Plaintiff,  ARDEN J. LEA, was, and still is, an adult resident of St. Thomas, U.S.V.I..

**3.**

At all times material hereto, Defendant , FAULCONER ENERGY JOINT VENTURE-1990 L.L.P. [hereinafter "Faulconer-1990"] was and still is a  limited partnership, operating and existing by virtue of the laws of the State of Texas who was authorized to do business in the State of Louisiana and whose  mailing address is 1001 East Southeast Loop 323, Suite 160, Tyler, Texas 75711.

**4.**

At all times material hereto, FAULCONER 2003 LIMITED PARTNERSHIP, LLP.

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

EXHIBIT 1

39255

Lea/8627/nm

[hereinafter "Faulconer-2003"] was and still is a limited partnership operating and existing by virtue of the laws of the State of Texas who was authorized to do business in the State of Louisiana and whose mailing address is 1001 East Southeast Loop 323, Suite 160, Tyler, Texas 75711.

**5.**

At all times material hereto, HOOD PETROLEUM, INC. ["Hood"] was and still is a corporation operating and existing by virtue of the laws of the State of Louisiana and whose principal place of business is located at 112 East Georgia Ave., Ruston, LA 71270.

**6.**

At all times material hereto, UNIVERSAL ENERGY, L.L.C. [hereinafter "Universal"] was and still is a limited liability company operating and existing by virtue of the laws of the State of Louisiana and whose mailing address is 948 Trabue St., Shreveport, LA 71106

***Salient Facts Common to All Causes of Action***

**7.**

At all times material hereto, Plaintiff was the titled owner of two contiguous parcels of land, including all mineral rights thereto, located in Claiborne Parish, Louisiana, those being more particularly identified as follows:

**Property descriptions:**

The W½ of the SE¼ of Section 24, and the W½ of the NE¼ of NW¼ of Section 24, Township 21North, Range 5 West, containing 100 acres, more or less, Claiborne Parish, Louisiana; and the W½of the SW¼ of the NE¼ and that part of the E½ of the SW¼ of the NE¼ South Public Road, all in Section 24, Township 21 North, Range 5 West and containing 22 acres, more or less, Claiborne Parish, Louisiana.[hereinafter "Tract One"]; and

NW¼ of the NE¼; SE¼ of the NW¼; & SW¼ of the NE¼, Section 25, Township 21 North, Range5 West, Claiborne Parish, Louisiana; and NW¼ of the SE¼, Section 25, township 21 North, Range 5 West,, containing 160 acres, more or less, Claiborne Parish, Louisiana ["Tract Two"].

**8.**

The right and attendant obligation to investigate, explore, develop, and/or produce minerals in Tract One was leased by Lea's predecessor-in-interest to F.B. King, Jr. on

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Page 2 of 16

39255

Lea/8627/nm

November 8, 1960 [Exhibit "A"] and thereafter was sub-assigned/leased over the years by various other individuals and business entities then holding these rights to others, including Defendant Universal, eventually resulting in Defendant Faulconer-1990 being Tract One's current mineral lessor.

### 9.

The right and attendant obligation to investigate, explore, develop, and/or produce the minerals in Tract Two [Exhibit "B"] was leased by Lea's predecessor-in-interest to John D. Courthas, Jr. on December 10, 1976 and thereafter was sub-assigned/leased over the years by various other individuals and business entities then holding these rights to others, including Defendant Hood, eventually resulting in Defendant Faulconer-2003 being Tract Two's current mineral lessor.

### 10.

Prior to Defendant Faulconer-1990 becoming the current lessor of Tract One and Faulconer-2003 of Tract Two, certain of the previous assignees/lessors, in performing their respective obligations under both of the subject leases for Tracts One and Two, had partially explored, tested, successfully drilled and put into profitable operation no less than three (3) wells that produced natural gas that are still producing.

### 11.

Defendants Faulconer-1990's and Faulconer-2003's exploration and developmental policies, procedures, guidelines, evaluations, and/or business decisions involved with potential mineral exploration and development of their leased parcels are identical or virtually identical for both are part and parcel of a large mineral conglomerate, Vernon E. Faulconer, Inc. ("Faulconer"), that exerts exclusive, ultimate direction and control of these activities from its "headquarters", located at 1001 East Southeast Loop 323, Suite 160, Tyler, TX 75701-9663.

### 12.

Significantly, the website Faulconer maintained on behalf of its affiliated network of mineral companies (including Defendants Faulconer-1990 and Faulconer-2003) also

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Page 3 of 16

39255
Lea/8627/nm

succinctly and clearly summarizes that parent company policy's controlling all of its

affiliated entities' exploration and developmental actives concerning the pursuit of further

mineral potential in non-producing zones of lessee property by, in relevant part, admitting:

"... *[W]e (inclusive of Defendants Faulconer-1990 and Faulconer-2003) are not involved*

*in drilling and exploration.* . . . ." [Emphasis supplied]!

### 13.

The *sole* interest and efforts put forth by Faulconer subsidiaries (such as Defendants

Faulconer-1990 and Faulconer-2003) in further ascertainment and development of their

lessees' mineral potential, exclusive of currently producing wells, is limited to their

advertizing for *others* to perform their obligatory exploratory and developmental duties

through "farmouts", which involve no or, at best, marginal cost outlay on these Defendants'

part.

### 14.

The Faulconer web site confirms the above fact as can be seen from the following

excerpt:

> Within our area of operations, we maintain an inventory of *desirable leasehold*
> *acreage available for development.* If you are interested in submitting a
> farmout proposal, please contact our Corporate Office. [Emphasis supplied}.

### 15.

By their exclusive use and/or virtual use of "farmouts", Faulconer-1990 and

Faulconer-2003 in effect totally abandoned any effort on their part to independently involve

themselves in exploration and development of mineral properties under lease to them,

*hoping* instead that someone else may develop data indicating the existence of other valuable

mineral deposits under their leased premises and thereafter, again *hopefully,* contact them and

perfect a "farmout" arrangement.

### 16.

Therefore, in implementing Faulconer's standard and uniform company policy, solely

to maximize profits, Defendants Faulconer-1990 and Faulconer-2003 long ago decided that

they should forget and/or ignore the expense involved in honoring its developmental and

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517                    Page 4 of 16                    Lea/8627/nm

exploratory responsibilities and duties owed to its lessees  and exclusively focus on the

development and implementation of recovery techniques with respect to  already existing

producing, marginal natural gas wells on lessee property, which both of these Defendants

believed (but hid from and failed to  reveal to their current lessors) was the key to their

success, growth, and profitability.

### 17.

In adhering to these standard Faulconer policies as outlined above, since becoming

the lessors of Tracts One and Two, neither Faulconer-1990 or Faulconer-2003 have never

conducted any further adequate and reasonable exploration, testing drilling, and/or mineral

development in either Tracts One and Two of Plaintiff's land, even in areas and zones with

proven and existing  mineral production.

### 18.

Plaintiff has previously provided formal  written notice of the defaults specified

above, along with an attendant reasonable time to undertake remedial action,  to both

Faulconer-1990 and Faulconer-2003 all to no avail because neither Defendant undertook any

curative exploratory or developmental activity with respect thereto at anytime whatsoever

thereafter, up to and including the time this action was instituted.

### 19.

Instead, based on the limited information and legally insufficient cursory "study"

they performed, both  Defendants Faulconer-1990 and Faulconer-2003 had Faulconer

formally advise that they considered Plaintiff's land to have been previously fully developed,

tested and explored (apparently by previous lessors) and ,thus, the two Defendants actively

represented the land to be devoid on any unrealized potential, *i.e.* basically worthless except

for the  then existing production wells.

### 20.

The above information is false, misleading, and provided in bad faith because

Defendants Faulconer-1990, Faulconer-2003, and those who it may have engaged to act

and/or acting  on its behalf have elected to improvidently  forego even cursory, reasonable

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517                     Page 5 of 16                           Lea/8627/nm

efforts at exploration and development of either Tracts One and Two as a matter of business expediency and in accordance with its parent's (Faulconer's) standard and customary company policy governing its affiliates exploration and developmental activities

### 21.

At all times material hereto, Plaintiff's has fully and completely performed all of his obligations required under the subject lease agreements, including satisfying all conditions precedent to instituting this action.

### FIRST CAUSE OF ACTION
*Breach of Contract by Faulconer-1990- Failure to Explore and Develop*

### 22.

Plaintiff re-avers and re-alleges Paragraphs 1 through 21 the same as if set out fully herein.

### 23.

Under the subject mineral lease agreement [Exhibit "A"], Defendant Faulconer-1990 owed Plaintiff the legal duty of using the thing leased, Plaintiff's minerals [Tract One], as a "prudent administrator" (La.C.C. art. 2683) and, furthermore, to fulfill the specific obligations created by the statute recited below:

> A mineral lessee is not under a fiduciary obligation to his lessor, but he is bound to perform the contract in good faith and to develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and his lessor. La. R.S. §31.122

### 24.

In particular, among other legal duties, Plaintiff avers Defendant Faulconer-1990 owes to Plaintiff the following contractual obligations:

(1) to perform the contract in good faith;
(2) to develop and operate the leased property as a reasonably prudent operator for the mutual benefit of lessee and lessor;
(3) to develop known mineral producing formations in the manner of a reasonable, prudent operator; and
(4) to explore and test all portions of the leased premises after discovery of minerals in paying quantities in the manner of a reasonable, prudent operator.

### 25.

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Page 6 of 16

Lea/8627/nm

Since the main consideration of a mineral lease is the exploration and development of the leased premises for minerals, a lessee such as Faulconer-1990 has the duty to either explore and develop the leased premises with reasonable diligence or give up the contract.

**26.**

After assuming ownership of Tract One, Plaintiff avers Faulconer-1990 has conducted no further adequate mineral exploration, testing, drilling, and/or development in that portion of his land, even within zones with proven mineral production, despite written demand by Plaintiff to do and has never responded to Plaintiff's request that he be informed of any future intent by this Defendant to do so.

**27.**

Consequently, Faulconer-1990 did not act as a prudent operator because it improperly considered or failed to secure, consider and/ weigh:

(1)  geological data available or that should have been available for review had any effort been made to go to the expense of performing or securing same;

(2)  the number and locations of other wells drilled on or near the leased property;

(3)  the productive capacity of existing wells or wells that may be discovered in other zones under lease;

(4)  the cost of drilling compared with profit reasonable expected;

(5)  the long time interval that had lapsed between completion and initial production from other wells on Plaintiff's land and his demand for additional operations; and

(6)  the acreage involved in the lease under consideration.

**28.**

In fact, during the entire time Defendant Faulconer-1990 had Plaintiff's land under lease , it made no effort and undertook no steps whatsoever to explore the undeveloped portion of Plaintiff's acreage in Tract One by conducting any geophysical work or make test of any kind or nature any effort to ascertain whether production could be had therefrom.

**29.**

Plaintiff avers that there is reason to believe that diligent and prudent investigation of the mineral potential of his leased premises might disclose the presence of potentially profitable mineral deposits and that the lessee has persistently failed to reasonably investigate

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Page 7 of 16

Lea/8627/nm

such possibilities. Although Plaintiff may be unable to prove that a profitable well could be drilled or that the results of full exploration would be favorable for development.

### 30.

Plaintiff affirmatively alleges that Faulconer-1990 breached its obligation to explore and develop because the facts clearly disclose a persistent refusal to investigate the productive mineral potential of Plaintiff's property and a deliberate determination to abandon successful efforts undertaken by its predecessor(s), all in the face of evidence that the area's mineral potential was not positively condemned.

### 31.

Alternatively, Plaintiff alleges that, had the Defendant acted as a prudent, professional mineral operator and lessor and been the least bit concerned with fully performing its contractual and legal obligations to Plaintiff, mere review of geological documentary evidence (readily available without any expense for exploration) would have revealed to Faulconer-1990 that it would be reasonable to expect commercial production from at least one well and a distinct possibility of there being other productive wells, if prudent testing or drilling had occurred on Plaintiff's acreage.

### 32.

In the further alternative, Plaintiff avers that, after becoming assignee of Tract One's minerals, despite the fact that there was already existing production in paying quantities from certain mineral formations in Plaintiff's land, Faulconer-1990 failed to reasonably explore and/or develop the known productive horizons by taking into consideration both its interest and the interest of Plaintiff, all in violation and breach of its legal developmental obligations.

### 33.

As a direct and proximate result of the Defendant's failure to perform its contractual obligations, including its wrongful failure to timely release rights in Tract One to Plaintiff as it was legally obligated to do after due notice of and failure to cure its material defaults, Plaintiff has been damaged.

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Page 8 of 16

Lea/8627/nm

**34.**

These damages include:

(1)   loss of potential unrealized production revenues;

(2)   loss of potential alternative leasing opportunities that would have been available to Plaintiff;

(3)   Loss of production revenues unjustifiedly retained by Faulconer-1990 measured from the date of its material default; and

(4)   all other damages or relief to which Plaintiff may be legally entitled and this Court is competent to award that may be proven at the trial hereof.

**35.**

Additionally, pursuant to the provisions of Article 142 of the Louisiana Mineral Code,

Plaintiff demands *total* cancellation and nullification of the lease to Tract One from the date

of Faulconer-1990's breaches.

**36.**

Plaintiff avers that this relief is mandated under the particular circumstances of this

case after considering all relevant factors, which are

(1)   the extent and gravity of the failure of Faulconer's failure to perform;

(2)   the nature of Faulconer-1990's fault;

(3)   the good or bad faith of the parties; and

(4)   the surrounding economic circumstances.

**37.**

Of particular importance in the instant case is the fact that partial cancellation,

releasing only currently unproductive areas of Tract One, would operate to solely reward the

breaching lessee and punish an innocent party, Plaintiff, who in good faith and without fault

performed every one of his legal obligations, by leaving him only a remote, marginal

opportunity to have Tract One's mineral potential ever determined, since Plaintiff's land is

of insufficient acreage to form an independent unit.

**38.**

This would effectively prevent another mineral company. with only *partial interest*

*in a potential unit that would be formed if the well was successful,* from being interested in

conducting any meaningful exploration and/or development for minerals in Tract One.

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Lea/8627/nm

### 39.

Consequently, without *total* cancellation of the lease, Plaintiff's suit-at-bar would be an exercise in futility for he would be denied any meaningful curative relief whatsoever and would remain in the same position he was prior to prevailing— the mineral potential of his land remaining as undeveloped and unproductive as it was on the date suit was filed; in other words, worthless.

### 40.

Furthermore, pursuant to La. R.S. 31:209, Plaintiff seeks recovery of his reasonable attorneys fees necessitated by the bringing of this action.

### 41.

**Plaintiff demands a trial by jury**.

**WHEREFORE**, Plaintiff prays that this petition be filed, that service and citation of this petition issued to Defendant Faulconer Energy Joint Venture-1990, to appear, answer, except or otherwise plead to as aforesaid and, after due process had, there be judgment rendered in Plaintiff's favor and against Defendant, Faulconer Energy Joint Venture-1990, for all relief demanded, in addition to interest, costs of this proceedings, and attorney's fees..

FURTHER PRAYS for all orders and decrees necessary and proper in the premises for full, general and equitable relief.

## SECOND CAUSE OF ACTION
### *Breach of Contract by Faulconer-2003- Failure to Explore and Develop*

### 42.

Plaintiff re-avers and re-alleges Paragraphs 1 through 21 the same as if set out fully herein.

### 43.

Under the subject mineral lease agreement [Exhibit "B"], Defendant Faulconer-2003 owed Plaintiff the legal duty of using the thing leased, Plaintiff's minerals [Tract Two], as a "prudent administrator" (La.C.C. art. 2683) and, furthermore, to fulfill the specific obligations created by the statute recited below:

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Lea/8627/nm

A mineral lessee is not under a fiduciary obligation to his lessor, but he is bound to perform the contract in good faith and to develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and his lessor. La. R.S. §31.122

**44.**

In particular, among other legal duties, Plaintiff avers Defendant Faulconer-2003 owes to Plaintiff the following contractual obligations:

(1)     to perform the contract in good faith;

(2)     to develop and operate the leased property as a reasonably prudent operator for the mutual benefit of lessee and lessor;

(3)     to develop known mineral producing formations in the manner of a reasonable, prudent operator; and

(4)     to explore and test all portions of the leased premises after discovery of minerals in paying quantities in the manner of a reasonable, prudent operator.

**45.**

Since the main consideration of a mineral lease is the exploration and development of the leased premises for minerals, a lessee such as Faulconer-2003 has the duty to either explore and develop the leased premises with reasonable diligence or give up the contract.

**46.**

After assuming ownership of Tract Two, Plaintiff avers Faulconer-2003 has conducted no further adequate mineral exploration, testing, drilling, and/or development in that portion of his land, even within zones with proven mineral production, despite written demand by Plaintiff to do and has never responded to Plaintiff's request that he be informed of any future intent by this Defendant to do so.

**47.**

Consequently, Faulconer-2003 did not act as a prudent operator because it improperly considered or failed to secure, consider and/ weigh:

(1)     geological data available or that should have been available for review had any effort been made to go to the expense of performing or securing same;

(2)     the number and locations of other wells drilled on or near the leased property;

(3)     the productive capacity of existing wells or wells that may be discovered in other zones under lease;

(4)     the cost of drilling compared with profit reasonable expected;

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Page 11 of 16

Lea/8627/nm

    (5)   the long time interval that had lapsed between completion and initial production from other wells on Plaintiff's land and his demand for additional operations; and

    (6)   the acreage involved in the lease under consideration.

**48.**

In fact, during the entire time Defendant Faulconer-2003 had Plaintiff's land under lease , it made no effort and undertook no steps whatsoever to explore the undeveloped portion of Plaintiff's acreage in Tract Two by conducting any geophysical work or make test of any kind or nature any effort to ascertain whether production could be had therefrom.

**49.**

Plaintiff avers that there is reason to believe that diligent and prudent investigation of the mineral potential of his leased premises might disclose the presence of potentially profitable mineral deposits and that the lessee has persistently failed to reasonable investigate such possibilities. although Plaintiff may be unable  prove that a profitable well could be drilled or that the results of full exploration would be favorable for development.

**50.**

Plaintiff affirmatively alleges that Faulconer-2003 breached its obligation to explore because the facts clearly disclose a persistent refusal to investigate the productive mineral potential of Plaintiff's property and a deliberate determination to abandon successful efforts undertaken by its predecessor(s), all in the face of evidence that the area's mineral potential was not positively condemned.

**51.**

Plaintiff alleges that, had the Defendant acted as a prudent, professional mineral operator and lessor and been the least bit concerned with fully performing its contractual and legal obligations to Plaintiff,  mere review of geological documentary evidence (readily available without any expense for exploration) would have revealed to Faulconer-2003 that it would be reasonable to expect commercial production from at least one well and a distinct possibility of there being other productive wells, if prudent testing or drilling had occurred on Plaintiff's acreage.

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Page 12 of 16

Lea/8627/nm

**52.**

In the further alternative, Plaintiff avers that, after becoming assignee Tract Two's's minerals, despite the fact that there was already existing production in paying quantities from certain mineral formations in Plaintiff's land, Faulconer-2003 failed to reasonably explore and/or develop the known productive horizons by taking into consideration both its interest and the interest Plaintiff, all in violation and breach of its legal developmental obligations.

**53.**

As a direct and proximate result of the Defendant's failure to perform its contractual obligations, including its wrongful failure to timely release rights in Tract Two to Plaintiff as it was legally obligated to do after due notice of and failure to cure its material default, Plaintiff has been damaged.

**54.**

These damages include:

(1)   loss of potential unrealized  production revenues;
(2)   loss of potential alternative leasing opportunities that would have been available to Plaintiff;
(3)   Loss of production revenues unjustifiedly retained by Faulconer-2003 measured from the date of its material default; and
(4)   all other damages or relief  to which Plaintiff may be legally entitled and this Court is competent to award that may be proven at the trial hereof.

**55.**

Additionally, pursuant to the provisions of Article 142 of the Louisiana Mineral Code, Plaintiff demands *total* cancellation and nullification of the lease to Tract Two  from the date of Faulconer-2003's breaches.

**56.**

Plaintiff avers that this relief is mandated under the particular circumstances of this case after considering all relevant factors, which are

(1)   the extent and gravity of the failure of Faulconer's failure to perform;
(2)   the nature of Faulconer-2003's fault;
(3)   the good or bad faith of the parties; and
(4)   the surrounding economic circumstances.

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Lea/8627/nm

57.

Of particular importance in the instant case is the fact that partial cancellation, releasing only currently unproductive areas of Tract Two, would operate to solely reward the breaching lessee and punish an innocent party, Plaintiff, who in good faith and without fault performed every one of his legal obligations, by leaving him only a remote, marginal opportunity to have Tract Two's mineral potential ever determined, since Plaintiff's land is of insufficient acreage to form an independent unit.

58.

This would effectively prevent another mineral company. with only *partial interest in a potential unit that would be formed if the well was successful,* from being interested in conducting any meaningful exploration and/or development for minerals in Tract Two.

59.

Consequently, without *total* cancellation of the lease, Plaintiff's suit-at-bar would be an exercise in futility for he would be denied any meaningful curative relief whatsoever and would remain in the same position he was prior to prevailing— the mineral potential of his land remaining as undeveloped and unproductive as it was on the date suit was filed; in other words, worthless.

60.

Furthermore, pursuant to La. R.S. 31:209, Plaintiff seeks recovery of his reasonable attorneys fees necessitated by the bringing of this action.

61.

**Plaintiff demands a trial by jury.**

**WHEREFORE,** Plaintiff prays that this petition be filed, that service and citation of this petition issued to Defendant, Faulconer 2003 Limited Partnership, to appear, answer, except or otherwise plead to all as aforesaid and, after due process had, there be judgment rendered in Plaintiff's favor and against Defendant for all relief demanded, in addition to interest, costs of this proceedings, and attorney's fees.

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Page 14 of 16

Lea/8627/nm

**PLAINTIFF FURTHER PRAYS** for all orders and decrees necessary in the premises.

## THIRD CAUSE OF ACTION
*Breach of Contract by Universal Energy, L.L.C.- Failure to Explore and Develop*

### 62.

Plaintiff re-avers and re-alleges Paragraphs 1 through 41 the same as if set out fully herein.

### 63.

Defendant Universal was an ancestor -in-title of Defendant Faulconer-1990's lease of Tract One [Exhibit "A"] and, in its capacity as a previous assignor and/or sublessor of that Tract and Faulconer-1990's predecessor-in-interest, is not relieved of its obligations or liabilities under the subject lease, in accordance with the mandates of LSA-31:128 and LSA-31:129 and is therefore  directly responsible for all damages resulting from Faulconer's1990's aforesaid contractual breaches as aforesaid.

### 64.

**Plaintiff demands a trial by jury**.

**WHEREFORE,** Plaintiff prays that this petition be filed, that service and citation of this petition issued to Defendant,  Universal Energy, L.L.C., to appear, answer, except or otherwise plead to all as aforesaid and, after due process had, there be judgment rendered in Plaintiff's favor and against Defendant for all relief demanded, in addition to interest, costs of this proceedings, and attorney's fees.

**PLAINTIFF FURTHER PRAYS** for all orders and decrees necessary in the premises.

## FOURTH CAUSE OF ACTION
*Breach of Contract by Hood Petroleum, Inc.- Failure to Explore and Develop*

### 65.

Plaintiff re-avers and re-alleges Paragraphs 1 through 41 and 42-61 the same as if set out fully herein.

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Lea/8627/nm

## 66.

Defendant Hood was an ancestor -in-title of Defendant Faulconer-1990's lease of Tract Two [Exhibit "B"] and, in its capacity as a previous assignor and/or sublessor of that Tract and Faulconer-2003's predecessor-in-interest, is not relieved of its obligations or liabilities under the subject lease, in accordance with the mandates of LSA-31:128 and LSA-31:129 and is therefore directly responsible for all damages resulting from Faulconer's 2003's aforesaid contractual breaches as aforesaid.

## 67.

**Plaintiff demands a trial by jury.**

**WHEREFORE,** Plaintiff prays that this petition be filed, that service and citation of this petition issued to Defendant, Hood Petroleum, Inc. to appear, answer, except or otherwise plead to all as aforesaid and, after due process had, there be judgment rendered in Plaintiff's favor and against Defendant for all relief demanded, in addition to interest, costs of this proceedings, and attorney's fees.

**PLAINTIFF FURTHER PRAYS** for all orders and decrees necessary in the premises.

Respectfully Submitted

DANIEL W. NEWELL (BAR #19080)
Newell & Newell
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040-0179
Telephone    (318) 927-2517
Facsimile    (318) 927-3193
ATTORNEY FOR PLAINTIFF

ARDEN J. LEA (BAR ID#08170)
SECRET HARBOUR HOUSE #131
6280 ESTATE
HAZARETH ST THOMAS, VI 00802
Telephone (340) 514-4054
IN PROPER PERSON

DANIEL W. NEWELL
Attorney At Law
Post Office Box 179
518 East Main Street
Homer, Louisiana 71040
Telephone (318) 927-2517

Page 16 of 16

Lea/8627/nm